IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:21-CV-9-BO

| | |
|---|---|
| ROGER VANN SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| ) | |
| NEIL F. WIGGINS, *Clerk of Superior Court,* ) | |
| *Gates County*, ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court on the Memorandum and Recommendation (M&R) of United States Magistrate Judge Robert B. Jones, Jr. [DE 4]. Plaintiff has filed an objection to the M&R [DE 6], and the matter is ripe for review. For the reasons discussed below, the Court adopts the M&R in its entirety and plaintiff's complaint is dismissed for failure to state a claim.

## BACKGROUND

On December 13, 1963, Mollie H. Welch retained Philip P. Godwin, Sr. for the preparation of her estate. DE 5, 5. The will called for the co-executors to retain the Godwin Law Firm to assist in the administration of Welch's estate and gave each of Welch's eight children, or their heirs, a one-eighth interest in common in the estate. *Id.* Following Welch's death on July 13, 1969, the executrix retained the Godwin Law Firm to assist with leasing the estate's farmland. *Id.* Plaintiff alleges that the Godwin Law Firm never brought any legal action to "quiet title" but is attempting to partition sell part of Welch's estate. *Id.* Plaintiff seeks to enjoin the partition sale by defendant and asks for damages in excess of $75,000. *Id.* at 4–5.

## DISCUSSION

A district court is required to review de novo those portions of an M&R to which a party timely files specific objections or where there is plain error. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149–50 (1985). "[I]n the absence of a timely filed objection, a district court need not conduct de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation and citation omitted). The district court is only required to make a de novo determination of those specific findings to which the plaintiff has actually objected. *See Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983). Here, plaintiff has filed an objection, citing the history of the Civil Rights Act and asserting that "defendant's failure to dismiss the underlying case will irreparably harm the Welch estate's ability to hold its inheritable property holdings for its heirs apparent for their peacefully [sic] enjoyment, but for acts of systematic racial discrimination by the plaintiffs" in the underlying case. DE 6.

Section 1982 of the Civil Rights Act of 1866 establishes the right "to inherit, purchase, lease, sell, hold, and convey real and personal property" free of race discrimination. 42 U.S.C. § 1982. "To establish a claim under the statute, plaintiff must allege that (1) he is a racial minority; (2) that defendant intended to discriminate on the basis of race; and (3) the discrimination concerned activities listed in Section 1982, namely the inheritance, purchasing, leasing, selling, holding, and conveyance of real and personal property." *Brown v. Winman*, No. 5:15-CV-59-BO, 2017 U.S. Dist. LEXIS 33705, at *10 (E.D.N.C. Mar. 8, 2017) (citation omitted). Plaintiff, in his objection, alleges racial discrimination on the part of defendant for failing to dismiss a prior lawsuit, but does not provide any factual support showing that defendant intentionally discriminated on the basis of the race. Therefore, plaintiff has failed to plead sufficient facts

2

demonstrating a plausible claim that defendant intended to discriminate against him on the basis of race, and plaintiff's complaint is dismissed. *See Lewis v. Bent*, No. 4:16-CV-79-FL, 2018 U.S. Dist. LEXIS 150827, at *11 (E.D.N.C. Sept. 5, 2018) (finding that plaintiff's race discrimination claims failed when the complaint only included "unsupported and conclusory allegations"); *Ashcroft v. Iqbal*, 556 U.S. 662, 694 (2009) (holding that allegations of discriminatory that are conclusory "are not entitled to be assumed true") (internal quotations omitted); *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003), *cert denied*, 540 U.S. 940 (2003) ("[W]hile a plaintiff is not charged with pleadings facts sufficient to prove [his] case, as an evidentiary matter, in [his] complaint, a plaintiff is required to allege facts that support a claim for relief.").

## CONCLUSION

The M&R of Judge Jones is ADOPTED. [DE 4]. Plaintiff's application to proceed *in forma pauperis* is GRANTED and plaintiff's complaint is DISMISSED because plaintiff fails to plead sufficient facts demonstrating a plausible claim. The Clerk is DIRECTED to close the case.

SO ORDERED, this the ___1___ day of April, 2021.

_____
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE