IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:21-CV-9-BO

| | |
|---|---|
| ROGER VANN SMITH, | ) |
| Plaintiff, | ) |
| v. | ) ORDER |
| NEIL F. WIGGINS, *Clerk of Superior Court, Gates County*, | ) |
| Defendant. | ) |

This matter is before the Court on plaintiff's motion for an emergency stay of the sale of real property subject to final appeal. [DE 10]. For the reasons discussed below, the motion is denied.

## BACKGROUND

On December 13, 1963, Mollie H. Welch retained Philip P. Godwin, Sr. for the preparation of her estate. DE 5, 5. The will called for the co-executors to retain the Godwin Law Firm to assist in the administration of Welch's estate and gave each of Welch's eight children, or their heirs, a one-eighth interest in common in the estate. *Id.* Following Welch's death on July 13, 1969, the executrix retained the Godwin Law Firm to assist with leasing the estate's farmland. *Id.* Plaintiff alleges that the Godwin Law Firm never brought any legal action to "quiet title" but is attempting to partition sell part of Welch's estate. *Id.* Plaintiff seeks to enjoin the partition sale by defendant and asks for damages in excess of $75,000. *Id.* at 4–5.

On March 8, 2021, Magistrate Judge Robert B. Jones, Jr. found in a Memorandum & Recommendation (M&R) that plaintiff failed to plead sufficient facts demonstrating a plausible

claim that defendant intended to discriminate against plaintiff based on his race and that the complaint should be dismissed. DE 4. On April 1, 2021, this Court adopted the M&R, dismissed the complaint, and closed the case. DE 8. Plaintiff noticed an appeal and filed the instant motion for an emergency stay of the sale of real property subject to final appeal on April 7, 2021. DE 9, 10.

## DISCUSSION

Although plaintiff titles his motion as a motion for a stay, the relief he asks for is a preliminary injunction preventing the sale of real property. "A preliminary injunction is an extraordinary and drastic remedy." *Munaf v. Geren*, 553 U.S. 674, 689 (2008) (quotation and citation omitted). A movant must make a clear showing of each of four elements before a preliminary injunction may issue: (1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

Plaintiff has fallen well-short of satisfying the standard for preliminary injunctive relief. He has failed to make any type of showing, much less a clear showing, of any of the requisite elements. Plaintiff has attached exhibits to his motion showing that, following the sale of property on March 24, 2021, an upset bid was filed on March 26, 2021. DE 10-1. The last date on which a subsequent upset bid could be filed was April 5, 2021. *Id.* Plaintiff has not filed anything with the Court alleging that a subsequent upset bid was filed. If no upset bid was filed, the rights of the parties have become fixed and the Court can no longer provide plaintiff with a preliminary injunction preventing the sale. *See* N.C. Gen. Stat. § 45-21.29(A)(2015) ("If an upset bid is not filed following a sale, resale, or prior upset bid within the period specified in this Article, the rights

2

of the parties to the sale or resale become fixed."); *In re Foreclosure of a Deed of Trust*, 2017 N.C. App. LEXIS 480, at *2–3 (finding a case moot when there was no upset bid during the ten-day period or any indication in the record that respondent obtained a preliminary injunction prior to the end of the upset bid period). Even if this Court could provide plaintiff the relief he seeks, it declines to do so. Plaintiff fails to prove any of the requisite elements, and, particularly, the Court finds that he is unlikely to succeed on the merits.

## CONCLUSION

Plaintiff's motion for an emergency stay of the sale of real property subject to final appeal [DE 10] is therefore DENIED.

SO ORDERED, this the __9__ day of April, 2021.

Terrence Boyle
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE